UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:06CV180-J

BONITA J. COOPER                                                              PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                               DEFENDANT

**MEMORANDUM OPINION**

Before the Court is plaintiff Bonita Cooper's challenge to the decision of the defendant Commissioner denying her claim for supplemental security income and disability insurance benefits. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be vacated and the matter should be remanded for further administrative proceedings.

Plaintiff filed the present applications for supplemental security income and disability insurance benefits on September 3, 2003 alleging that she became disabled on October 20, 2000, at age 40 from fibromyalgia, rheumatoid arthritis, acid reflux, and asthma (Tr. 124). Her employment history includes work as a secretary, motel desk clerk, restaurant cook, sewing machine operator, restaurant cook, doctor's office receptionist, and drug store cashier (Tr. 112 ). Claimant is a college graduate with a degree in Human Services (Tr. 429-430). Following hearings on June 6, 2005 and September 1, 2005 at which the plaintiff, a medical expert, and vocational experts offered testimony, Administrative Law Judge Ronald Kayser ("ALJ") found that the claimant has severe impairments of osteoarthritis of the left arm and wrist, rheumatoid arthritis, asthma, morbid obesity, hypertension,

depression not otherwise specified and anxiety not otherwise specified. The ALJ determined that her conditions prevent her from returning to any of her previous work, but that she remains capable of performing a range of light work. Plaintiff has appealed from this unfavorable decision.

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff contends that the ALJ committed legal error by failing to find claimant's fibromyalgia to be a severe impairment at Step 2 of the sequential evaluation process, and for discounting the disabling opinions of her treating physician, Dr. Lengel. At the heart of this

argument is the treating physician rule, which applies when a "treating source' renders a "medical opinion" that is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, Social Security Ruling 96-2p; 20 C.F.R. §404.1527(d)(2); Bogle v. Sullivan, 998 F.2d 342, 347-348 (6th Cir. 1993). Notably, all of the above factors must be satisfied in order for the treating source's opinion to be entitled to controlling weight, Social Security Ruling 96-2p.

In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. §404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. An ALJ can give less weight to the opinion if it is not supported by detailed clinical and diagnostic test evidence, Walters v. Commissioner, 127 F.2d 525 (6th Cir. 1997); Jones v. Secretary, 945 F.2d 1365, 1370 (6th Cir. 1991). "In all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for controlling weight, Rogers v. Commissioner, 486 F.3d 234, 243 (6th Cir. 2007).

Plaintiff's treating physician Dr. Jeffrey Lengel treats the claimant for her cardiac and rheumatology-related complaints. On June 15, 2005, he provided a Fibromyalgia Residual Functional Capacity Questionnaire in which he identifies the claimant's symptoms and resulting limitations. He notes that her complaints would interfere with her attention and concentration, and would prevent tolerance for even "low stress" in the work arena. He also noted that medication side effects would affect her ability to work. He limited her to walking one city block, sitting and

standing to 30 minutes with the need for an option to sit, stand and walk at will for ten minutes every 30 minutes, she would need unscheduled breaks and leg elevation 90% of the time. She would be limited to carrying less than 10 pounds occasionally, has diminished capacity to use her hands to grasp, do fine manipulation and reach overhead. She would likely be absent more than four times per month due to her condition.

      The ALJ declined to accept the disabling findings of Dr. Lengel, noting that they are far too restrictive and were repudiated by medical advisor Dr. Cooke's testimony at the supplemental hearing. Dr. Cooke testified that these restrictions were not supported by findings of any joint inflammation or effusion, no loss of range of motion and no tissue destruction. Dr. Cooke did not doubt the diagnosis of fibromyalgia, but found that the majority of the claimant's complaints were due to deconditioning and not fibromyalgia. He also testified that regular exercise is the typical treatment for fibromyalgia, and that the claimant's limited efforts at regular exercise were problematic. The Court is most concerned with Dr. Cooke's testimony indicating that fibromyalgia alone can never be the basis for disability, Tr. 500-501.

      At the time of the ALJ's decision in this case, he did not have the benefit of the recent Sixth Circuit case of <u>Rogers v. Commissioner of Social Security</u>, 486 F.3d 234, (6th Cir. 2007), which discusses the elevated importance of the treating physician's opinion in cases of fibromyalgia. In that case, like this one, the ALJ relied on opinions of non-treating physicians; in that case, like this one, the ALJ minimized the significance of the opinions of the physicians who treated the plaintiff for fibromyalgia. In those circumstances, the Sixth Circuit held that the ALJ had failed to accord to the treating physician's opinion the proper weight and that substantial evidence could not be said to support the decision. The court observed that, "in all cases there remains a presumption, albeit

4

a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for controlling weight.

Because of the special circumstances presented by a fibromyalgia diagnosis, the ALJ must be especially careful to apply the proper tests and procedures in weighing treating source opinion and in weighing the claimant's credibility. In light of the holding in <u>Rogers</u>, the Court is unable to say that this occurred in the present case. Consequently, remand is necessary for application of the appropriate standards.