UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:06CV180-J

BONITA COOPER                                                                                    PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR EAJA FEES

Before the Court is plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d) ("EAJA"), to which the Commissioner has objected. Plaintiff has replied, and the matter is ripe for consideration. The Commissioner does not challenge the plaintiff's "prevailing party" status. He does however assert that the Commissioner was substantially justified in litigating this case. Alternatively, the Commissioner argues that the number of hours claimed and the hourly rates sought are excessive.[1]

The EAJA allows for the award of attorney fees and other expenses against the government provided that: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of final judgment in the action; 3) the position of the government was not substantially justified; and 4) no special circumstances make an award unjust. The absence of any of the above-listed factors precludes an award of fees.

---

[1] Plaintiff seeks a total of $6,897.36 at hourly rates of $163.39 for work performed in 2006 and $167.64 for work performed in 2007. It is noted that $838.20 of this amount is for five hours of compensation requested for preparing a reply on the EAJA issue.

In remanding this case, the Court noted the recent Sixth Circuit case of <u>Rogers v. Commissioner of Social Security</u>, 486 F.3d 234 (6th Cir. 2007), which discusses the elevated importance of the treating physician's opinion in cases of fibromyalgia. At the time of his decision, the ALJ did not have the benefit of this recent Sixth Circuit guidance. Under such circumstances, the Commissioner was substantially justified in defending its decision.

In sum, the fact that this case was remanded to the Commissioner for further proceedings does not mean that the United States went forward unreasonably. A finding that the Commissioner's decision is not supported by substantial evidence is not equivalent to finding that the United States was not substantially justified. The Court concludes that the Commissioner's position did not lack substantial justification. As lack of substantial justification is a necessary prerequisite to an EAJA award, plaintiff's motion fails. Accordingly,

IT IS ORDERED that plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act is DENIED.

This is a final and appealable Order, and there is no just cause for delay.